UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE D. WILLIAMS,

       Plaintiff,

v.

KEVIN TSUJIHARA, ET AL.,

       Defendants.

_____/

Case No. 17-11217

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2];
DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Terrence Williams filed a *pro se* Complaint [1] and an Application to Proceed *In Forma Pauperis* [2] on April 17, 2017. The Court may authorize the commencement of a suit "without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets . . . [indicating] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Plaintiff has submitted an affidavit showing sufficient indicia of poverty. The Court will therefore grant Plaintiff's Application to Proceed *In Forma Pauperis* [2].

Although the Court is obligated to read *pro se* complaints indulgently and accept Plaintiff's allegations as true unless they are clearly irrational or incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), the Court is also required to dismiss a complaint filed *in forma pauperis* "if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)..... The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore*, 114 F.3d at 608.

An action must be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Under § 1915(e), courts must dismiss a complaint when the factual contentions [on which it relies] are clearly baseless." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327).

Plaintiff appears to allege copyright violations and intellectual property theft by the Defendants, individuals who work in the film and entertainment industry. Plaintiff claims that he "should get $80,000,000 because WB's [Warner Brothers']

plagerisms (sic) is far reaching practice with me starting with the theft of my little novella series called the Teen Titans." (Compl. at 5). Plaintiff claims that "Warner Bros . . . [has] stolen as much as 80% of my story developments in one way or another and they have not given me a dime in the payments or royalties that I asked for." *Id.* However, Plaintiff's complaint is so devoid of context and detail that the Court cannot discern what the Defendants allegedly did and why those actions could plausibly result in liability.

In short, the complaint contains insufficient factual matter to enable the Court to discern a plausible claim to relief, and therefore fails to state a claim upon which relief may be granted. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). The Court will therefore dismiss the case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the dismissal is without prejudice, Plaintiff will have the opportunity to file a new complaint with a more sufficient statement of his claim(s).

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed *in forma pauperis* [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be

granted.

**SO ORDERED**.

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
Dated: June 28, 2017                Senior United States District Judge